IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

FIRAS ABU ZUHRIEH,

       Defendant.

No. 14-CR-3604-MV

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant Firas Abu Zuhrieh's First Motion *In Limine* [Doc. 69]. The government timely filed a Response [Doc. 78], but Defendant did not reply. The Court, having considered the Motion, briefs, relevant law, and being otherwise fully-informed, finds that the Motion is not well-taken and therefore will be **DENIED.**

BACKGROUND

For the purposes of resolving Defendant's Motion, the Court will assume familiarity with the facts of this case as articulated in the Court's Memorandum Opinion and Order denying Defendant Abu Zuhrieh's Motion to Suppress [Doc. 80]. While the discussion there focuses on different issues, the factual recitation is sufficient to place the evidentiary disputes at issue here in their proper context. Broadly stated, Defendant urges this Court, in anticipation of trial, to rule on six enumerated categories of evidence. Although the Court necessarily retains the inherent authority to modify its evidentiary rulings at trial, the Court appreciates the benefit that inures to the parties and the Court from dispensing with thorny matters outside of the presence of

1

the jury and so will provide the parties with provisional rulings on the requested items.  *See, e.g., United States v. Cline*, 188 F. Supp. 2d 1287, 1291-92 (D. Kan. 2002).  In the interests of clarity and consistency, the Court has adopted the labels employed by Defendant for the purposes of dividing its analysis.

## DISCUSSION

### I. Use of the Word "Spice"

Without reference to any provision of law, Defendant asks that the Court prohibit the use of the term "spice" insofar as it is colloquially applied to "synthetic or designer drugs."  Doc. 69 ¶ 2 (internal quotation marks omitted).  Given Defendant's argument that the "word itself has no probative value, and presents a substantial risk of unfair prejudice to the defendants," the Court concurs with the government's conclusion that Defendant relies on Federal Rule of Evidence 403.  *Id. See also* Doc. 78 at 2-3.  The Court is not persuaded that a descriptive word is "evidence" that may be excluded under Rule 403, but, even if it were, the Court would decline to exclude it.  Fed. R. Evid. 403 ("The court may exclude relevant *evidence* if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

Even if the term "spice" were evidence, Defendant's argument would fail on several fronts.  First, the term "spice" is frequently employed to describe synthetic cannabinoids, including by consumers, distributers, and law enforcement officials, which accords the term some probative value at trial.  Second, the mere fact that "spice" is an imprecise category that may include substances other than those at issue in this trial does not exclude it from use.  For

example, the drug commonly known as "ecstasy" may contain pure MDMA, one of its analogues, or some combination of other substances, yet the term accurately describes the nomenclature most commonly employed when discussing certain controlled substances. That is, given the relatively informal nature of illegal drug consumption and distribution, the accepted vernacular terminology surrounding a given substance, despite imprecision, is likely more useful and intelligible to jurors. Finally, to the extent that the term somehow prejudices Defendant, the Court finds that this risk does not substantially outweigh the probative value of the term.

## II.     Evidence of Other Synthetic Cannabinoids

Next, "Abu Zuhrieh submits that only those substances which are shown with appropriate evidence and foundation to contain alleged XLR-11, the substance charged in the indictment, should be admitted into evidence or discussed in the presence of the jury." Doc. 69 ¶ 4. The Superseding Indictment filed July 14, 2015 renders much of this argument moot, as the charges at issue now pertain to three separate synthetic substances: XLR-11, UR-144, and 5F-PB-22, which the Court understands to have been packaged and sold under different varietal names. Doc. 75 at 1-2. Further, Defendant offers no analysis regarding which, if any, of the Federal Rules of Evidence might require exclusion of these substances. Insofar as the Court understands, it is eminently relevant for the government to discuss the various products sold at the Ace Smoke Shop, particularly with regard to meeting its burden to demonstrate that Defendants acted knowingly, as required by 21 U.S.C. § 841. That is, if Abu Zuhrieh possessed or distributed other synthetic cannabinoids, it may strengthen the inference that Defendant acted knowingly.

**III.    Evidence of Unrelated Conduct**

Evidently, in the discovery provided by the government in this case, there is evidence of lawsuit against Abu Zuhrieh "seeking a money judgment arising from alleged non-payment of rent" as well as documents pertaining to Abu Zuhrieh's federal income tax liability and his family's Medicaid status.  Doc. 69 ¶ 5.  Anticipating that the government might seek to introduce some or all of these materials pursuant to Rule 404(b), Defendant Abu Zuhrieh requests appropriate notice as contemplated by the Rules.  *See* Fed. R. Evid. 404(b)(2).  The government does not anticipate introducing any of the challenged evidence and, therefore, the Court will treat Defendant's request for a ruling as moot.  To the extent that the prosecution seeks to admit the evidence in question at trial, the Court will address itself to the dispute then.

**IV.    Evidence Regarding Defendant's State of Mind**

The Court believes that the parties concur on this point and will therefore deem the request moot.  Defendant, in essence, requested that the Court admonish the government to adhere to the contours of Rule 704(b) and refrain from eliciting an expert opinion as to "whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or a defense thereto."  Doc. 69 ¶ 6 (quoting Fed. R. Evid. 704(b)).  The government explained in response that its "law enforcement witness or witnesses surely will testify to the facts of the investigation, including his or her own first-hand observations" but "will not testify as to either Defendant's state of mind or whether or not the Defendant knew the illegality of the substances he possessed and sold."  Doc. 78 at 5.  This position appears both to conform to the Rule and to Defendant's desired resolution.  To the extent that Defendant is unsatisfied with this resolution, he may raise a more specific objection at trial.

4

## V. Other Testimony Offered as Expert

In their final substantive issue for discussion, Abu Zuhrieh seeks to prohibit testimony from any law enforcement officer "called to testify about various aspects of the drug trafficking trade," which he believes to be based on "nothing more than personal opinion and anecdote" in violation of Rules 701 and 702. Doc. 69 ¶¶ 7-8. That is, Defendant appears to argue that experience should not qualify law enforcement officials to testify about drug trafficking as experts. The Court disagrees. It is beyond dispute that an expert, such as a police officer, may be qualified by virtue of her experience, including with respect to such non-scientific matters as the "means and methods of drug dealing." *See United States v. Vann*, 776 F.3d 746, 758 (10th Cir. 2015) (internal quotation marks omitted). *See also, e.g.*, *United States v. Kamahele,* 748 F.3d 984, 998-99 (10th Cir. 2014) (collecting cases in which police offices have testified as experts on the subject of drug transactions). Absent a more specific objection than Defendant's generalized complaint that officer testimony regarding patterns of drug trafficking or the structure of drug deals is impermissible, the Court will not exclude testimony of a variety consistently upheld by the Tenth Circuit.

## VI. Prior Admonition to Witnesses

The Court views this request as moot. The Court has not granted any of the requests delineated in Defendant's Motion and, therefore, there is nothing about which witnesses ought to be "admonished." Further, even if the Court had ruled in Defendant's favor on one or more of the items discussed above, the Court expects all litigants to adhere rigorously to the terms of its orders, without instructions to witnesses.

## CONCLUSION

For the foregoing reasons, Defendant's Motion *in Limine* will be denied in its entirety. Should the contours of this case change materially, Defendant is, of course, permitted to raise these issues again at trial.

**IT IS THEREFORE ORDERED** that Defendant Abu Zuhrieh's First Motion *In Limine* [Doc. 69] is **DENIED.**

Dated this 19th day of August, 2015.

_____
**MARTHA VAZQUEZ**
UNITED STATES DISTRICT JUDGE