IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**FIRAS ABU ZUHRIEH,**<br><br>Defendant. | No. 14-CR-3604-MV |

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Firas Abu Zuhrieh's Unopposed Motion to Extend Time for Amending Motion for New Trial [Doc. 125] and Unopposed Motion to Supplement His *Motion for New Trial* (Doc. 105) With a Memorandum Brief-in-Chief and Renew his *Unopposed Motion to Extend Time for Amending Motion for New Trial* (Doc. 125) [Doc. 128]. The government does not oppose the Motions and therefore has not responded. The Court, having considered the Motions, briefs, relevant law, and being otherwise fully-informed, finds that the Motions are well-taken and therefore will be **GRANTED.**

### BACKGROUND

Given the nature of the Motions before the Court, significant attention to the procedural background of this case is warranted. On September 23, 2014, Defendant Firas Abu Zuhrieh was charged and detained by this Court pursuant to a

criminal complaint filed by the United States.  *See generally* Docs. 1, 3.  That same day, Defendant filed a Financial Affidavit and Assistant Federal Public Defender Marc H. Robert was appointed as defense counsel.  *See generally* Docs. 4, 5. Defendant was convicted of all five counts charged in the Superseding Indictment after a four day jury trial that concluded on August 27, 2015.  *See* Doc. 98 at 1-2.

On September 10, 2015, Defendant timely filed his Motion for New Trial.  *See* Doc. 105 ¶ 5.  In the Motion, Defendant argued that two grounds warranted a new trial:  (1) prosecutorial misconduct in demanding the inclusion of certain language in the plea agreement that Abu Zuhrieh's co-Defendant accepted, purportedly in an effort to prevent that co-Defendant from testifying in Abu Zuhrieh's defense and (2) juror bias against "Arabic people and Muslim people," supposedly evinced by the jury's request for an armed escort from the courthouse at the conclusion of trial. *See id.* ¶¶ 6, 8, 9, 13.  Counsel then added that a "new trial is warranted in the interests of justice" and that "substitute counsel will assume Mr. Abu Zuhrieh's representation shortly," such that Defendant requested the "Court's indulgence in permitting substitute counsel to supplement this motion after a review of the record."  *Id.* ¶¶ 17-18.  At no point did Defendant request an extension in filing, supplementing, or amending his Motion for New Trial.

On September 17, 2015, as indicated in the Motion for New Trial, Defendant filed a Motion to Substitute Attorney; that Motion was granted and  Peter Schoenburg and Alicia Lopez of Rothstein, Donatelli, Hughes, Dahlstrom,

Schoenburg & Bienvenu, LLP subsequently entered appearances in this case on behalf of Defendant Firas Abu Zuhrieh. *See generally* Docs. 111, 112, 124. Then, on September 25, 2015, Defendant's new counsel filed an "Unopposed Motion to Extend Time for Amending Motion for New Trial," in which they explained that they had "ordered a trial transcript" which would be available "on or before October 19, 2015" and, therefore, suggested that "the Court set a due date for an Amended Motion for New Trial of November 18, 2015." Doc. 125 ¶¶ 3, 5. The Court then contacted the parties by e-mail regarding this Motion; in that communication, the Court expressed concern both that the Defendant had not cited **any** legal authority to support its request to amend the Motion for New Trial and that the "Motion to Extend Time" appeared to assume that the Court had previously granted such permission.

As a result of this communication, Defendant filed his Unopposed Motion to Supplement his *Motion for New Trial* (Doc. 105) with a Memorandum Brief-in-Chief and Renew his *Unopposed Motion to Extend Time for Amending Motion for New Trial* (Doc. 125). *See* Doc. 128 at 1. In this most recent motion, current Defense counsel "seeks leave of Court to file a memorandum brief in support of the grounds for new trial briefly outlined in the above-described motion." *Id.* Counsel then state that the initial Motion for New Trial "asserted three grounds for a new trial: (1) prosecutorial misconduct, (2) juror bias, and (3) 'the interests of justice.'" *Id.* ¶ 2. In this last enumerated item, counsel seeks to include a newly-raised argument

3

regarding the purported inadequacy of several jury instructions.  *Id.* ¶ 10.  After careful evaluation, the Court will permit Defendant to amend and otherwise supplement his Motion for New Trial.

## DISCUSSION

Federal Rule of Criminal Procedure 33 provides, in pertinent part, that, "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty."  Fed. R. Crim. P. 33(b)(2).  This deadline, in turn, is subject to Rule 45, which states that any deadline, except those established by Rule 35, may be extended either on the court's own motion, or for good cause shown by the moving party.  *See* Fed. R. Crim. P. 45(b).  As the Supreme Court has emphasized, "[t]his deadline is rigid" and, although Rule 33 is no longer understood as jurisdictional, it remains "an inflexible claim-processing rule."  *Eberhart v. United States*, 546 U.S. 12, 13 (2005).

Consequently, it is settled law in the courts of appeals that "a defendant may not add new arguments in support of a motion for new trial by including them in an amendment filed after the time under Rule 33 has expired."  *United States v. Custodio*, 141 F.3d 965, 966 (10th Cir. 1998).  *See also, e.g.*, *United States v. Villalpando*, 259 F.3d 934, 937 (8th Cir. 2001) ("Additional grounds raised in amendments, supplements or renewals of a timely [Rule 33] motion for new trial are procedurally barred if not asserted within the [fourteen day] time limit unless the district court grants an extension before the original [fourteen day] period has

4

expired."); *United States v. Holt*, 170 F.3d 698, 703 (7th Cir. 1999) (explaining that the "argument that we should allow an amended or supplemental motion to relate back to the original date would defeat the express language of the rule, and would create a back door through which defendants could raise additional grounds for a new trial long after the [deadline] had expired.").  Indeed, Defendant himself recognizes in his most recent Motion that late-filed briefs ordinarily may not "set forth additional grounds in support of a new trial."  Doc. 128 ¶ 6 (also noting in a parenthetical that a "provision in original motion for new trial reserving the right to file *additional* reasons after receipt of the transcript of testimony was ineffective under Rule 33.").

Defendant seeks to avoid the operation of this rule by arguing that: (1) Defendant's amendment is not untimely (2) each of the three proposed bases for a new trial was included in the initial motion, and (3) the government has waived any objection to an untimely-filed amendment to the Rule 33 motion.  *See generally* Doc. 128.  The Court will address each of these contentions in turn.

First, it is patent that that the two Motions before the Court were filed after the deadline for Rule 33 motions had passed.  Irrespective of Defendant's insistence to the contrary, counsel plainly did not follow "the procedure set forth by the district court in" *United States v. Tsarnaev* and, therefore, the Court finds that case entirely inapposite.  *Id.* ¶¶ 6, 12.  On June 6, 2015, after the grueling trial of Dzhokhar Tsarnaev, Tsarnaev's defense team timely filed a combined motion pursuant to

5

Federal Rules of Criminal Procedure 29 and 33.  *See* Defendant's Preliminary Motion for New Trial Pursuant to Fed. R. Crim. P. 33 and for Judgment Notwithstanding Verdict Pursuant to Fed. R. Crim. P. 29 (for Later Supplementation Per Court Scheduling Order) at 1, *United States v. Tsarnaev*, 1:13-cr-10200-GAO (D. Mass. June 6, 2015).  In it, Tsarnaev's attorneys indicated that their motion was a "placeholder," filed "***[i]n keeping with the Court's suggestion at a recent status conference.***"  *Id.*  Counsel continued that "Tsarnaev will supplement this placeholder motion with an additional filing on or before" August 17, 2015, the date established by "the Court's assented-to scheduling order," as "suggested" by the trial court at the status conference.  *Id.*

The transcript of that status conference reveals that defense counsel, a mere four days after Tsarnaev was sentenced to death, requested that the district judge "extend the time under Rule 29 and Rule 33 for 90 days to file the new trial motions and the post-trial pleadings."  Status Conference Transcript at 5, *United States v. Tsarnaev*, 1:13-cr-10200-GAO (D. Mass. June 29, 2015).  After some discussion, the court stated that it would "enter an order that sets the dates" and indicated that a "placeholder motion to be substituted later" was "probably [not] necessary," but might be prudent nonetheless to ensure that all issues on appeal were preserved.  *Id.* at 7.  The parties subsequently followed up with the trial court and the district judge, before the expiration of the initial fourteen-day time limit, entered an order extending the deadline for all post-trial motions to August 17, 2015.  *See generally*

6

Tsarnaev Docket items 1447-1449, *United States v. Tsarnaev*, 1:13-cr-10200-GAO (D. Mass. June 6, 2015).

Clearly, this is not that case.  As an initial matter, there, unlike here, the parties diligently sought and received the court's approval for an extension ***during the initial fourteen-day time limit*** for Rule 33 motions.  Tsarnaev's counsel filed the "placeholder" motion solely to allay the court's admittedly oblique concerns, rather than in an effort to circumvent the Rule 33 deadline or extend unilaterally the time for filing such motions.  Moreover, in *Tsarnaev*, the amended post-trial motions ***were filed within the time limit*** established by the court's order and therefore did not purport to supplement a Rule 33 motion after the deadline had passed.  The "procedure set forth by the district court in *Tsarnaev*" therefore offers no guidance here.  To the contrary, the careful and conscientious practice of Tsarnaev's defense team illustrates the importance of asking for permission, rather than seeking forgiveness.

Second, Defendant attempts to avoid the prohibition against "set[ting] forth additional grounds in support of a new trial" in an untimely motion to amend by arguing that the initial Motion for New Trial included each of the three bases articulated in the artfully-captioned Motion to Supplement.  *See* Doc. 128 ¶¶ 5-7.  Two of these three grounds plainly appear in the initial Motion for New Trial and therefore need not be addressed here.  With respect to the third basis, however, Defendant contends that his newly-raised concerns regarding the jury instructions

7

delineated in the Motion to Supplement are merely an "elaboration" on the "interests of justice" ground cited in his original motion. *See* Doc. 128 ¶¶ 9-11. This argument is without merit. It is apparent from the text of Rule 33 that "the interest of justice" is not a separate ground for relief; it is the standard by which such motions are measured. *See* Fed. R. Crim. P. 33 ("the court may vacate any judgment and grant a new trial ***if the interest of justice so requires.***") (emphasis added). Indeed, construing Defendant's complaints about the jury instructions as merely a refinement of the "interest of justice" boilerplate in the Motion for New Trial would "create a back door through which defendants could raise additional grounds for a new trial long after the [deadline] had expired." *Holt*, 170 F.3d at 703. That is, because every motion for new trial filed by every federal defendant must, almost by necessity, refer to the "interest of justice," holding that later-specified grounds for new trial are included within that phrase would render the probation on untimely amendments utterly meaningless. The Court will not countenance a strategy that so clumsily seeks to circumvent Tenth Circuit precedent.

Third and finally, Defendant argues that the government has consented to Defendant's untimely amendment and that, therefore, the Court may overlook this defect. Defendant is correct that because the time limit imposed by Rule 33 is not jurisdictional, it "may be forfeited if not properly raised by the government." *United States v. Garduno*, 506 F.3d 1287, 1291 (10th Cir. 2007). *See also United States v.*

8

*Berry*, 624 F.3d 1031, 1039 (9th Cir. 2010) (explaining that the Rule 33 deadline is "waivable if the government does not object to an untimely motion"). While the Court may, in special circumstances, enforce non-jurisdictional time limits *sua sponte*, it will not do so here. *Cf. United States v. Mitchell*, 518 F.3d 740, 749-751 (10th Cir. 2008). Absent an objection from the government, the Court will not, at this time, enforce the deadline set by Rule 33.

## CONCLUSION

In this case, because the government did not oppose either the Unopposed Motion to Extend Time for Amending Motion for New Trial [Doc. 125] or the Unopposed Motion to Supplement His *Motion for New Trial* (Doc. 105) with a Memorandum Brief-in-Chief and Renew his *Unopposed Motion to Extend Time for Amending Motion for New Trial* (Doc. 125) [Doc. 128], the Court finds that the United States has waived any objection to Defendant's untimely Motions, including Defendant's recently-raised arguments with respect to the jury instructions. Defendant will therefore be permitted to amend and/or supplement his Motion for New Trial [Doc. 105].

**IT IS THEREFORE ORDERED** that Defendant Abu Zuhrieh's Unopposed Motion to Extend Time for Amending Motion for New Trial [Doc. 125] and Unopposed Motion to Supplement His *Motion for New Trial* (Doc. 105) With a Memorandum Brief-in-Chief and Renew his *Unopposed Motion to Extend Time for Amending Motion for New Trial* (Doc. 125) [Doc. 128] are **GRANTED.**

Defendant is **HEREBY ORDERED** to file any amended Motion for New Trial and/or supplemental briefing **on or before November 18, 2015**. The government shall file any response in accordance with Local Rule 47.8. This Order shall supersede any prior scheduling orders.

Dated this 8th day of October, 2015.

                                                                                 _____
                                                                                 **MARTHA VÁZQUEZ**
                                                                                 UNITED STATES DISTRICT JUDGE